An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JULIO CERVANTES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64714

**FILED**

JUN 1 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

First, appellant Julio Cervantes contends that the district court abused its discretion when it revoked his probation. The district court entered an order revoking probation and an amended judgment of conviction on November 6, 2013. Because Cervantes's notice of appeal did not designate this order as an order being appealed, we conclude that we lack jurisdiction to consider this claim. *See* NRAP 3(c)(1)(b).

Second, Cervantes contends that the district court erred by denying his post-conviction petition for a writ of habeas corpus because the district court misapplied the standard for determining the voluntariness of a guilty plea. Specifically, Cervantes alleges that the district court failed to consider the totality of the circumstances, pursuant to *Rubio v. State*, 124 Nev. 1032, 1038, 194 P.3d 1224, 1228 (2008), and relied solely on the guilty plea agreement and plea canvass in denying Cervantes's claim that his plea was not entered voluntarily. A guilty plea is presumptively valid, and "[t]his court will not reverse a district court determination concerning the validity of a plea absent a clear abuse of

SUPREME COURT
OF
NEVADA

(O) 1947A

14-19084

discretion." *Johnson v. State,* 123 Nev. 139, 144, 159 P.3d 1096, 1098 (2007). The district court conducted an evidentiary hearing, wherein prior counsel for Cervantes testified. After considering the transcripts of the plea canvass and sentencing, the guilty plea agreement, and the testimony provided at the evidentiary hearing, the district court concluded that Cervantes's plea was knowingly, freely, and voluntarily given. The record supports the district court's determinations, *see Molina v. State,* 120 Nev. 185, 191, 87 P.3d 533, 537-38 (2004), and Cervantes fails to demonstrate that the district court misapplied the standard for determining the voluntariness of his plea or abused its discretion.

Third, Cervantes contends that the district court erred by denying his post-conviction petition for a writ of habeas corpus because the district court misapprehended the duties of appointed counsel when it concluded that counsel was appointed only for the limited purpose of reviewing the merits of the post-conviction motion to withdraw the guilty plea. Cervantes claims that counsel was ineffective because counsel had a duty to advocate and pursue the post-conviction motion and because counsel informed the district court that the motion had no legal basis. The district court concluded that counsel was effective.

Cervantes fails to demonstrate that he was entitled to counsel or the effective assistance of counsel for his post-conviction motion. *See McKague v. Warden,* 112 Nev. 159, 163, 912 P.2d 255, 257 (1996) ("[T]here is no right to effective assistance of counsel, or counsel at all, in post-conviction proceedings."); *see also Coleman v. Thompson,* 501 U.S. 722, 752 (1991), *as modified by Martinez v. Ryan,* 566 U.S. ___, ___, 132 S. Ct. 1309, 1315 (2012). "Where there is no right to counsel there can be no deprivation of effective assistance of counsel." *McKague,* 112 Nev. at 164-

SUPREME COURT
OF
NEVADA

(O) 1947A

2

65, 912 P.2d at 258.  Therefore, the district court did not err by denying this claim.  *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) (this court will affirm a decision of the district court if it reaches the right result, even if for the wrong reason).

Having considered Cervantes's claims and concluded that no relief is warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:  Hon. Douglas Smith, District Judge
Law Office of Julian Gregory, L.L.C.
Matthew D. Carling
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

Supreme Court
of
Nevada

(O) 1947A